# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF IOWA
# EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>vs.<br><br>MICHAEL THOMAS GATENA and<br>CARLA GRACE ENGLER,<br><br>    Defendants. | No. CR 05-1021-LRR<br><br>**ORDER** |

_____

**TABLE OF CONTENTS**

*I.*    *PROCEDURAL BACKGROUND* . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

*II.*   *STANDARD OF REVIEW* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

*III.*  *LEGAL ANALYSIS* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

     *A.*     *Omissions From Search Warrant Applications* . . . . . . . . . . . . . . . 5

     *B.*     *Probable Cause To Issue Search Warrants* . . . . . . . . . . . . . . . . . . 7

          *1.*     *November 18, 2004 search warrant* . . . . . . . . . . . . . . . . 7

          *2.*     *December 30, 2004 search warrant* . . . . . . . . . . . . . . . . 11

          *3.*     *Good faith reliance on search warrants* . . . . . . . . . . . . . . 12

*IV.*  *CONCLUSION* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 13

The matters before the court are Carla Grace Engler's Motion to Suppress (docket no. 46), Michael Thomas Gatena's Notice to Adopt Attorney Swift's Motion to Suppress (docket no. 50), Chief Magistrate Judge John A. Jarvey's Report and Recommendation (docket no. 65) and Carla Grace Engler's Objection to the Report and Recommendation

(docket no. 77). In Engler's objections filed on September 19, 2005, she specifically objects to the September 7, 2005 Report and Recommendation which recommends that the August 23, 2005 Motion to Suppress filed by Engler and Gatena be partially denied.

## I. PROCEDURAL BACKGROUND

On July 14, 2005, Gatena and Engler were charged in a five-count Superseding Indictment. Count 1 charges Gatena and Engler under 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A), 846 and 860(a) with unlawfully combining, conspiring, confederating and agreeing with each other and others known and unknown to manufacture 50 grams or more of actual (pure) methamphetamine, a Schedule II controlled substance, within 1,000 feet of the real property comprising a school, that is Holy Ghost Catholic Grade School in Dubuque, Iowa, between about 2004 and June 2005. Count 2 charges Gatena under 21 U.S.C. §§ 841(a)(1), 841(b)(1)(B) and 846 with manufacturing and attempting to manufacture 5 grams or more of actual (pure) methamphetamine, a Schedule II controlled substance on or about November 17 and 18, 2004. Count 3 charges Gatena under 21 U.S.C. § 841(c)(2) with possession of red phosphorus, a List I chemical, knowing and having reasonable cause to believe that the red phosphorus would be used to manufacture methamphetamine, a Schedule II controlled substance, on or about November 17 and 18, 2004. Count 4 charges Engler under 21 U.S.C. § 841(c)(2) with possession of red phosphorus, a List I chemical, knowing and having reasonable cause to believe that the red phosphorus would be used to manufacture methamphetamine, a Schedule II controlled substance, on or about January 30, 2005. Count 5 charges Gatena and Engler under 18 U.S.C. § 2 and 21 U.S.C. §§ 841(a)(1), 841(b)(1)(B) and 846 with attempting to manufacture and aid and abet the attempted manufacture of 5 grams or more of actual (pure) methamphetamine, a Schedule II controlled substance, within 1,000 feet of the real property of a school, that is Holy Ghost Catholic Grade School, on or about June 4 and

5, 2005.

On August 23, 2005, Engler filed a Motion to Suppress (the "Motion"). On August 25, 2005, Gatena joined Engler's Motion. In the Motion, Gatena and Engler seek to suppress the items that were found pursuant to warranted and warrantless searches. There were three search warrants executed in this case: November 18, 2004; December 30, 2004 and June 5, 2005. There were three warrantless searches which took place in Cedar Rapids: December 30, 2004, January 30, 2005 and June 5, 2005. Namely, Defendants seek to suppress the items that are associated with the manufacture of methamphetamine which were found during the warrantless searches of Engler's home. On August 30, 2005, the government filed a Resistance to the Motion to Suppress. On September 7, 2005, Judge Jarvey filed a Report and Recommendation in which he reserved ruling on the warrantless searches and recommended the denial of the Motion as it pertained to the warranted searches. On September 19, 2005, Engler filed the instant Objection to the September 7, 2005 Report and Recommendation ("Objections") (docket no. 77). Gatena filed no objections to the Report and Recommendation. With respect to the warranted searches, the court finds the matter to be fully submitted and ready for decision.

## II. STANDARD OF REVIEW

The district court judge is required to make a *de novo* determination of those portions of a magistrate judge's report and recommendation to which a movant objects. 28 U.S.C. § 636(b)(1)(C)*; see also United States v. Lothridge*, 324 F.3d 599, 600 (8th Cir. 2003). The district court judge may accept, reject or modify, in whole or in part, the magistrate judge's findings or recommendations. 28 U.S.C. § 636(b)(1); *see also United States v. Trice*, 864 F.2d 1421, 1424 (8th Cir. 1988).

Similarly, Federal Rule of Civil Procedure 72(b) provides for review of a magistrate

judge's report and recommendation on dispositive motions, where objections are made, as follows:

> The district judge to whom the case is assigned shall make a de novo determination upon the record, or after additional evidence, of any portion of the magistrate judge's disposition to which specific written objection has been made in accordance with this rule. The district judge may accept, reject, or modify the recommended decision, receive further evidence, or recommit the matter to the magistrate judge with instructions.

Fed. R. Civ. P. 72(b).

Engler has made specific, timely objections to Judge Jarvey's Report and Recommendation. Therefore, *de novo* review of "those portions of the report or specified proposed findings or recommendations to which objection is made" is required. *See* 28 U.S.C. § 636(b)(1).

Gatena has filed no objections to Judge Jarvey's Report and Recommendation. The court, therefore, undertakes the necessary review of Judge Jarvey's recommendation to deny in part and grant in part Gatena's Motion to Suppress.

### III.  LEGAL ANALYSIS

In Engler's Objections, she requests the court suppress any and all evidence seized as a result of the search warrants executed at her residence on November 18, 2004, December 30, 2004 and June 5, 2005. Engler asserts that there was insufficient probable cause to issue the search warrants due to information omitted from the affidavits in support of the warrant applications and, alternatively, that the search warrants lack probable cause on their faces.

4

### A. *Omissions From Search Warrant Applications*

Engler makes several assertions regarding alleged omissions made by law enforcement in the applications for the November 18, 2004 and December 30, 2004 warrants to search her residence. Engler seems to imply that a *Franks* hearing should have been held to evaluate these alleged omissions and determine whether the addition of the alleged omissions would have removed the probable cause to issue the warrants.

The Fourth Amendment to the United States Constitution guarantees that "the right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures shall not be violated . . . ." U.S. Const. amend. IV. "The bulwark of the Fourth Amendment protection . . . is the Warrant Clause, requiring that, absent certain exceptions, police obtain a warrant from a neutral and disinterested magistrate before embarking upon a search." *Franks v. Delaware*, 438 U.S. 154, 164 (1978). The duty of the magistrate issuing a search warrant is to make a "practical, commonsense decision" as to whether a reasonable person would suspect the discovery of evidence based upon the totality of the circumstances. *Illinois v. Gates*, 462 U.S. 213, 238 (1983); *United States v. Peterson*, 867 F.2d 1110, 1113 (8th Cir. 1989). Sufficient information in support of the warrant request must be presented to establish probable cause. *Id.* at 239.

An affidavit supporting an application to a judicial officer for a search warrant is presumptively valid and "need only show facts sufficient to support a finding of probable cause." *Franks*, 438 U.S. at 171; *United States v. Parker*, 836 F.2d 1080, 1083 (8th Cir. 1987) (citing *United States v. Dennis*, 625 F.2d 782, 791 (8th Cir. 1980)). However, a "facially sufficient affidavit . . . may be challenged on the ground that it includes a deliberate or reckless falsehood." *United States v. Allen*, 297 F.3d 790, 795 (8th Cir. 2002) (citing *Franks*, 438 U.S. at 171). In *Franks*, the United States Supreme Court held:

> [W]here the defendant makes a substantial preliminary showing that a false statement knowingly and intentionally, or with reckless disregard for the truth, was included by the affiant in the warrant affidavit, and if the allegedly false statement is necessary to the finding of probable cause, the Fourth Amendment requires that a hearing be held at the defendant's request.

*Franks*, 438 U.S. at 155-56; *see also United States v. Gabrio*, 295 F.3d 880, 883 (8th Cir. 2002) ("In order to obtain a *Franks* hearing, a defendant must make a substantial preliminary showing of a false or reckless statement or omission and must also show that the alleged false statement or omission was necessary to the finding of probable cause.") (citing *United States v. Milton*, 153 F.3d 891, 896 (8th Cir. 1998)). Mere claims of the affiant's negligence or mistake are insufficient to entitle the defendant to an evidentiary hearing. *Franks*, 438 U.S. at 171; *United States v. Crook*, 936 F.2d 1012, 1014 (8th Cir. 1991). As to the second part of the *Franks* hearing test, the Eighth Circuit Court of Appeals emphasized that "omissions of facts are not misrepresentations unless they cast doubt on the existence of probable cause." *United States v. Flagg*, 919 F.2d 499, 500-01 (8th Cir. 1990) (citing *Parker*, 836 F.2d at 1083). Where "the allegedly omitted information would have been clearly critical to the probable cause determination, recklessness may be inferred." *Hunter v. Namanny*, 219 F.3d 825, 830 (8th Cir. 2000) (citing *United States v. Reivich*, 793 F.2d 957, 961 (8th Cir. 1986)).

To be entitled to an evidentiary hearing,

> the challenger's attack must be more than conclusory and must be supported by more than a mere desire to cross-examine. There must be allegations of deliberate falsehood or of reckless disregard for the truth, and those allegations must be accompanied by an offer of proof. They should point out specifically the portion of the warrant affidavit that is claimed

> to be false; and they should be accompanied by a statement of supporting reasons. Affidavits or sworn or otherwise reliable statements of witnesses should be furnished, or their absence satisfactorily explained.

*Franks*, 438 U.S. at 171. "When no proof is offered that an affiant deliberately lied or recklessly disregarded the truth, a *Franks* hearing is not required." *United States v. Rodriguez*, 414 F.3d 837, 842 (8th Cir. 2005) (citing *United States v. Moore*, 129 F.3d 989, 992 (8th Cir. 1997)). "This showing of deliberate or reckless falsehood is 'not lightly met.'" *United States v. Lucca*, 377 F.3d 927, 931 (8th Cir. 2004) (citing *United States v. Wajda*, 810 F.2d 754, 759 (8th Cir. 1987)); *see also Gabrio*, 295 F.3d at 883 ("The type of showing required is not easily met.").

Although Engler implies that a *Franks* hearing should have been held, she has failed to support her assertions with any proof. Engler's motion contains nothing but bare assertions that law enforcement officers omitted crucial information from the warrant applications. Engler has provided no evidence to show that officers recklessly or deliberately omitted the information from the applications in an attempt to mislead the Magistrate and has provided no explanation for her failure to produce such evidence. Accordingly, Engler has failed to make a preliminary showing that a hearing was necessary, and therefore, Judge Jarvey properly denied her request for a *Franks* hearing.

### B. Probable Cause To Issue Search Warrants

#### 1. November 18, 2004 search warrant

Engler objects to the Report and Recommendation regarding the November 18, 2004 warrant as follows: (1) the finding that the information provided in the affidavit in support of the warrant was credible although some of the informants were not credible; (2) the finding that the confidential informant who the officers relied on for the warrant was credible; and (3) the failure to note that the affidavit in support of the warrant referred to

7

activities occurring at 11294 Rock Grove Court #5 and not at Engler's residence which is located at 101 East 29th Street.[1] Engler asserts that the November 18, 2004 warrant application did not provide the Magistrate with probable cause to issue the warrants to search 101 East 29th Street.

"Probable cause for the issuance of a warrant exists if there is a 'fair probability that contraband or evidence of a crime will be found in a particular place.'" *Allen*, 297 F.3d at 794 (citing *Gates*, 462 U.S. at 238). The Magistrate evaluates all of the facts in the warrant application, presented as a whole, to determine if probable cause exists to issue a warrant. *Id.*(citing *United States v. Morales*, 923 F.2d 621, 623-24 (8th Cir. 1991). On its face, the November 18, 2004 search warrant for 101 East 29th Street provided the Magistrate with probable cause to believe that methamphetamine and the precursors to methamphetamine would be found at Engler's residence. In the affidavit, the confidential informants stated the following:

> That within the last 48 hours Investigators of the Dubuque Drug Task Force received additional information from a confidential informant that Gatena and Carla Grace Engler of 101 East 29th, Dubuque, Iowa are actively involved in the manufacture of methamphetamine and pre-cursers [sic] used during the manufacture of methamphetamine. Investigators also received information that Engler processes iodine into iodine crystals which are then used during the red phosphorus method of manufacturing methamphetamine.
>
> The confidential informant told investigators that Gatena was at the 101 East 29th [address] on November 17, 2004 and picked up iodine crystals, red phosphorus and pseudoephedrine to be used for the manufacture of methamphetamine and

---

[1] The court does not further consider Engler's third argument, because it goes to her assertion that a *Franks* hearing was required.

> stated, "I'm going home now." The informant also stated that Engler had numerous cases of matches, several bottles of Heet gasoline additive and glassware at her residence. The informant[s] also told investigators that they observed Engler process the iodine into iodine crystals on November 17, 2004 at her residence at 101 East 29th Street.

(Defendant's Exhibit D, p. 4) Such information, when taken as true, is sufficient to provide probable cause.

Engler contends that, although the confidential informants provided reliable information in the past, the informants cannot be assumed credible because their prior information did not result in arrests or search warrants. Additionally, Engler asserts that officers failed to corroborate the information provided by the confidential informants. Engler's assertions are meritless.

The truthfulness of a confidential informant can be established by finding that the informant has previously provided truthful information or by finding corroboration. *United States v. Fulgham*, 143 F.3d 399, 401 (8th Cir. 1998)(citing *United States v. Williams*, 10 F.3d 590, 593 (8th Cir. 1993). Despite Engler's assertion to the contrary, the informants' reliability was established by showing both. The informant's attachment provides that the confidential informants' information was corroborated (docket no. 59, p. 7). The information provided by the confidential informants in this case was corroborated by the fact that on September 28, 2004, a law enforcement officer went to 101 East 29th Street in response to a report that items were being burned in the yard and the officer observed several burnt and unburned matchbooks with the striker plates removed. Based on his prior training and experience, the officer knew that those items were consistent with the manufacturing of methamphetamine.

Additionally, at least one of the informants was shown to be reliable based on the truthful information that he had provided law enforcement in the past. There is no requirement that information provided by a confidential informant in the past must have led to arrests or warrants in order for that informant to be deemed credible. "The reliability of a confidential informant can be established if the person has a history of providing law enforcement with truthful information." *Williams*, 10 F. 3d at 593 (citing *Draper v. United States*, 358 U.S. 307, 313 (1959). An informant with a history of providing reliable information to law enforcement who provides information that would "warrant a man of reasonable caution" to believe that an criminal offense has been or is being committed is sufficient to establish probable cause to act on that information. *Draper*, 358 U.S. at 313. The "informant's attachment" indicates that at least one of the confidential informants (1) is a mature individual; (2) has no motivation to falsify information; (3) has otherwise demonstrated truthfulness; (4) has supplied information in the past multiple times; and (5) has not given false information in the past. The Magistrate further made a handwritten notation which indicated that both of the confidential informants "appear[ed] credible because it is in their best interests to provide reliable information" (docket no. 59, p. 6). The possibility that one of the confidential informants had been a long-time drug user with a criminal history is not critical to the finding of probable cause. *See Flagg*, 919 F.2d at 499; *Reivich*, 793 F.2d at 957. Neither is the fact that the confidential informants had never previously provided information that had led to a warrant or arrest.

Engler also asserts that Investigator Haubert identified several items of information received "from multiple sources" other than the confidential informants. Because the warrant application contains no information regarding the credibility of those "sources," Engler alleges that the Magistrate could not have evaluated their credibility before issuing

10

the November 18, 2004 search warrant and because that information was lacking there was no probable cause to support the search warrant. The specific information provided by the "multiple sources" was not necessary to support the Magistrate's finding of probable cause to issue the search warrant. It is clear from the other information provided by law enforcement and the identified confidential informants that probable cause existed.

There was probable cause to issue the November 18, 2005 warrant to search Engler's residence, 101 East 29th Street. Accordingly, Engler's objections to the Report and Recommendation as to the November warrant are overruled.

### *2. December 30, 2004 search warrant*

Engler objects to the finding that the Magistrate had probable cause to issue the December 30, 2004 warrant to search 101 East 29th Street because, he asserts, the warrant application provided to the Magistrate: (1) fails to specify which November 18, 2004 search warrant it referred to, and (2) fails to evaluate the confidential informant's credibility. Based on the affidavit provided by Investigator Haubert, there was probable cause to issue the warrant.

According to the affidavit, utility and Medicom bills indictated that in December of 2004, both Engler and Gatena were residing at 101 East 29th Street. The affidavit notes that pursuant to the November 18, 2004 warrant to search Engler's residence, law enforcement officers found iodine crystals, methamphetamine and "subjects in the residence . . . actively stripping the striker plates from matchbooks." The affidavit provides that on December 30, 2004, at approximately 3:54 a.m., Deputy Schultz discovered a truck, registered to Gatena, in close proximity to Engler's residence with the passenger door left open with no one around it. Upon investigating Deputy Schultz noticed "seven large black garbage bags in the open bed of the truck." "[H]e advised that he could see in plain view several hundred 'Diamond' brand matchbooks with the striker

11

plates removed, six bottles of 'Heet' gasoline additive, and a paper plate which was sticking out the top of one of the bags." Deputy Schultz explained that based on his knowledge and experience he was aware that those items were consistent with the manufacture of methamphetamine.

Even without the information that Engler claimed was not provided or provided in error, there was probable cause to issue the December 30, 2004 warrant to search Engler's residence, 101 East 29th Street. Accordingly, Engler's objections to the Report and Recommendation as to the December warrant are overruled.

### 3. *Good faith reliance on search warrants*

In *United States v. Leon*, 468 U.S. 897 (1984), the United States Supreme Court noted the strong preference for search warrants, and stated that in a doubtful or marginal case, a search under a warrant may be sustainable where without one, it would fail. 468 U.S. at 914 (stating this preference is "effectuated by according 'great deference' to a magistrate's determination"). The Supreme Court devised a broad "good faith" exception to the exclusionary rule where officers reasonably relied upon a warrant. This "reasonable reliance" test is objective: "[O]ur good-faith inquiry is confined to the objectively ascertainable question whether a reasonably well trained officer would have known that the search was illegal despite the magistrate's authorization." *Id.* at 922 n.23. The Supreme Court has identified four narrow instances where the good faith exception would not apply: (1) where the magistrate issuing a warrant was mislead by information in an affidavit that the affiant knew was false or would have known was false except for his reckless disregard for the truth; (2) where the issuing magistrate wholly abandons the judicial role and becomes a "rubber stamp" for the government; (3) where the officer relies on a warrant based on an affidavit so lacking in indicia of probable cause as to render official belief in its existence entirely unreasonable; or (4) where the warrant is so facially deficient in

failing to particularize the place to be searched or the things to be seized that the executing officers cannot reasonably presume it to be valid. *Id.* at 923. Engler bears the burden of proving by a preponderance of the evidence that the search warrant affiant intentionally or recklessly provided false information in a search warrant affidavit. *United States v. Gipp*, 147 F.3d 680, 688 (8th Cir. 1998).

Engler contends that there was insufficient probable cause to issue the warrants to search her home and, therefore, the items involved in the manufacture of methamphetamine that were seized should be suppressed. Engler, however, has failed to show that the searches of her residence fall into one of the four narrow instances where the good faith exception would not apply as discussed above. Engler has not provided any evidence regarding any deliberate or reckless omissions by the affiant, Investigator Haubert, to the Magistrate. Furthermore, there is absolutely no evidence involving the second, third, and fourth *Leon* instance. Officers had no reason to believe that the warrants, which had been signed by an impartial magistrate, were not supported by probable cause. Accordingly, Engler's request to suppress the evidence found at her residence is denied.

In sum, the court agrees with Judge Jarvey's findings and conclusions of law. Engler has failed to show that a *Franks* hearing was necessary, and each warrant was supported by probable cause.

## IV. CONCLUSION

For the foregoing reasons, **IT IS HEREBY ORDERED**:

(1) The court **DENIES**, in part, Carla Grace Engler's Motion to Suppress (docket no. 46) and Michael Thomas Gatena's Notice to Adopt Attorney Swift's Motion to Suppress (docket no. 50). Ruling is reserved with respect

to the warrantless searches. The clerk of court is directed not to satisfy the Motion to Suppress at this time.

(2) The court **ADOPTS** Chief Magistrate Judge John A. Jarvey's Report and Recommendation of September 7, 2005 (docket no. 65).

(3) The court **OVERRULES** Defendant Carla Grace Engler's Objections to Report and Recommendation (docket no. 77).

(4) The period between the filing of Engler's Objections and the filing of this Order is excluded from calculation under the Speedy Trial Act. 18 U.S.C. § 3161(h)(1)(F) (excluding delay resulting from the filing of any pretrial motion through the conclusion of the hearing thereon); 18 U.S.C. § 3161(h)(1)(J) (excluding "delay reasonably attributable to any period, not to exceed thirty days, during which any proceeding concerning the defendant is actually under advisement by the court").

**SO ORDERED.**

**DATED** this 13th day of October, 2005.

LINDA R. READE
JUDGE, U. S. DISTRICT COURT
NORTHERN DISTRICT OF IOWA